IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOANNA SANCHEZ, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 16-cv-06144 ) ) Hon. John Robert Blakey |
| vs. | ) ) Magistrate Judge Sheila Finnegan |
| JOHN LEE JACKSON, and UNIVERSAL FIDELITY, LP, | ) ) ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Now Comes Plaintiff, Joanna Sanchez, by and through her attorneys, and for her Response to Defendant's Motion to Dismiss, states as follows:

### INTRODUCTION

Defendants Universal Fidelity, L.P. ("Universal"), and John Lee Jackson ("Jackson") seek to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Defendant Jackson was not a debt collector and thus not required to make any of the required disclosures under the Fair Debt Collection Practices Act ("FDCPA").

Defendants claim that Plaintiff has "concocted" a new and meritless purported FDCPA violation. (Dkt. #22, Defendants' Motion to Dismiss, p. 1). Defendants attempt to argue that Defendant Jackson was acting on behalf of Universal as an "agent", and not an independent debt collector required to make disclosures of consumer rights pursuant to the FDCPA. (Dkt. #22, pp. 1-2, 4-5).

1

Plaintiff's claim is not new to the amended complaint, and as will be shown below, Plaintiff has made facially plausible claims necessary to withstand the Motion to Dismiss, and respectfully requests that Defendants' Motion to Dismiss be denied.

## STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Dismissal is warranted only if the allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). The complaint must: "(1) describe[] the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggest[] that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F. 3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atlantic Corp.*, 550 U.S. at 555; 127 S. Ct. 1955).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

## ARGUMENT

### I. Attorney John Lee Jackson is a Debt Collector

Defendants attempt to argue that attorney John Lee Jackson is not a debt collector. Defendants state that Jackson "was acting on behalf of and as an agent for Universal, the only debt collector in this case," and that Jackson "is not the debt collector nor has any independent authority to engage in debt collection activities. . . ." (Dkt. #22, p. 4) (emphasis in original).

For a definition of a "debt collector," we look to the FDCPA. 15 U.S.C. § 1692a of the FDCPA provides as follows:

> **. . . (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .**

15 U.S.C. § 1692a(6).

Attorneys are not exempt from the definition of a "debt collector." In fact, a 1986 revision to the FDCPA repealed a special exemption reserved for attorneys, and now it appears that Congress intended that "lawyers be subject to the [FDCPA] whenever they meet the general 'debt collector' definition." *Heintz v. Jenkins*, 514 U.S. 291, 295, 115 S. Ct. 1489, 1491 (1995). Attorneys meet the "debt collector" definition by regularly collecting or attempting to collect debts owed to another. *Id.* at 294 (citing Black's Law Dictionary 263 (6th ed. 1990) ("To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings")).

3

A person may regularly collect debts even if debt collection is not the principal purpose of his business, or only constitutes a small fraction of his total business activity. *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 41 (5th Cir. 2008) (internal citations omitted). Courts have considered various factors in determining whether an attorney or law firm is a "debt collector" under the FDCPA including: (1) the number of collection communications issued and/or collection litigation matters pursued; (2) the frequency of collection communications or litigation; (3) whether the entity has personnel specifically assigned to debt collection; (4) whether the entity has systems or contractors in place to facilitate collection activity; (5) whether the activity is undertaken in connection with ongoing client relationships with entities that retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations. *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F. 3d 56, 62-63 (2d Cir. 2004) (cited by *James v. Wadas*, 724 F. 3d 1312 (10th Cir. 2013)).

Defendants claim that because Defendant Jackson is a 1099 independent contractor rather than a W-2 employee, shares a mailing address with Universal, and lacks "any independent authority to engage in debt collection activities," he is not a "debt collector" under the FDCPA. (Dkt. #22, pp. 4-5). However, these factors are completely irrelevant for purposes of determining whether a person or entity is a "debt collector" under the FDCPA. The FDCPA does not define a debt collector by what they are authorized to do, but rather, by their actions. *See* 15 U.S.C. § 1692a(6). Plaintiff's well-pled allegations state that Defendant Jackson is an independent debt collector that uses instrumentalities of interstate commerce, specifically the mails, to attempt to collect consumer debts allegedly owed to others. (Dkt. #18, Plaintiff's First Amended Class Complaint, ¶¶ 6, 12, 17-18); *see* 15 U.S.C. § 1692a(6).

4

Furthermore, Jackson's letter states that he, on retainer with Universal as a non-employee, is "involved in the collection strategy of the outstanding accounts owed to [Universal]," and that he was sending the collection letter "to request you pay this account owed," which letter(s) were reviewed and approved by him. *See* Collection Letter, attached to Plaintiff's Amended Class Complaint as Exhibit B; *see Goldstein*, 374 F. 3d at 62-63.

Thus, Defendant Jackson is a debt collector under the FDCPA, and is not exempt from its requirements, including the required § 1692g notices of a consumer's rights in the debt collector's initial communication with the consumer.

## II.     An Attorney Acting On Behalf of a Debt Collector is Not Exempt from the FDCPA

Defendants' claim that attorney Jackson is not a debt collector leads them to the conclusion that Jackson was not required to make any disclosures pursuant to the FDCPA. (Dkt. #22, p. 7). However, attorney Jackson *is* a debt collector. *See infra* Section I. Furthermore, attorney Jackson is not an employee of Universal. (Dkt. #18, ¶ 17); (Dkt. #22, pp. 4-5); *see also* Collection Letter, attached to Plaintiff's Amended Class Complaint as Exhibit B. Regardless of the scope of Jackson's "agency" for Universal, he is still a non-employee, and an independent debt collector. An owner or employee of a collection agency is only personally liable under the FDCPA either when actively involved in the collection of a debt, or in the event the corporate veil was pierced. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F. 3d 1057, 1059 (7th Cir. 2000), *reh'g denied*, 2000 U.S. App. LEXIS 12848 (7th Cir. June 7, 2000). Jackson cannot receive immunity under the FDCPA when he is neither an employee nor the owner of Universal, but rather, is acting as an independent debt collector.

Each independent debt collector that attempts to collect a debt must send its own validation notice. *Hernandez v. Williams, Zinman & Parham PC*, 2016 WL 3913445 (9th Cir.

5

July 20, 2016) (finding that Congress did not intend to minimize requirements of debt collectors, and each new debt collector is required to make disclosure in order to protect consumer validation rights); *see also Janetos v. Fulton Friedman & Gullace, LLP, et al.*, No. 12 C 1473, 2013 WL 791325, at *5 (N.D. Ill. Mar. 4, 2013) ("Given the FDCPA's purpose of curbing abusive debt collection practices, the Court declines to read a loophole into § 1692g that would exempt successive debt collectors from sending a validation notice", also finding that "it is not a heavy burden for each debt collector to comply with § 1692g's validation requirements"); *Francis v. Snyder*, 389 F. Supp. 2d 1034, 1040 n. 2 (N.D. Ill. 2004) ("The requirement of providing valid disclosures under § 1692g applies to each debt collector"). The Federal Trade Commission has commented that "an attorney who regularly attempts to collect debts by means other than litigation, such as writing the consumer demand letters (dunning notices) . . . must provide the required notice, even if a previous debt collector (or creditor) has given such notice. 53 Fed. Reg. 50097, 50108 (Dec. 13, 1988). Thus, as an independent debt collector, attorney Jackson was required to give his own validation notice to Plaintiff under § 1692g.

### III. Because Attorney Jackson is the Debt Collector that Sent the Letter, Jackson Must Provide His Own Validation Notice

Defendants claim that the validation notice from Universal suffices to meet the requirements under the FDCPA for Defendant Jackson. However, the notice in the Letter only refers to Universal, and only allows the consumer to contact Universal when, in fact, the consumer has a right to contact Jackson directly to exercise her rights under the FDCPA.

Jackson attempts to rely on Universal's notice, however, this is improper because each independent debt collector is required to provide validation notices in its initial communication with a consumer. *See Hernandez*, 2016 WL 3913445; *see also Janetos*, No. 12 C 1473, 2013 WL 791325, at *5; *Francis*, 389 F. Supp. 2d at 1040 n. 2. In fact, were Universal to have already sent

6

a separate notice of these validation rights and the thirty-day period following the notice Plaintiff would have had to dispute the alleged debt, had expired, Jackson's use of Universal's notice would provide the consumer no rights at all under the FDCPA.[1] By relying on Universal's notice, which was now expired at the time of Jackson's letter, Jackson was, in fact, not giving notice of Plaintiff's rights at all.

Jackson's use of Universal's now expired notice is deceptive on its face not only because it had already expired, but also because it hides the fact that Plaintiff had the right to dispute the alleged debt directly with Jackson, a right which had *not* expired at the time of Jackson's letter. For example, § 1692g(a)(3) of the FDCPA provides that a debt collector, in its initial communication with a consumer, must inform the consumer that unless she disputes the validity of the debt within thirty days, the debt will be assumed valid by the debt collector. 15 U.S.C. § 1692g(a)(3). Similarly, § 1692g(a)(4) of the FDCPA provides that the debt collector must inform the consumer that if she notifies the debt collector within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt. 15 U.S.C. § 1692g(a)(4). The same holds true for the remaining notices in § 1692g(a). By referring only to Plaintiff's right to dispute the debt with Universal, a right now expired, and not to Plaintiff's right to dispute the debt and obtain verification from Jackson himself, a right still in place at the time the notice was sent, Jackson has failed to adequately provide the required notices under the FDCPA.

Jackson, as a new debt collector attempting to collect the alleged debt, was the debt collector that sent the validation notice in its initial communication on May 9, 2016, and Jackson was the debt collector that needed to provide a thirty-day notice for the consumer to dispute the

---

[1] Universal sent such a notice on or about March 22, 2016 advising Plaintiff of her rights. At the time Jackson sent his letter, on or about May 9, 2016, Plaintiff's thirty-day dispute period with Universal had already expired. Plaintiff is willing to amend her Complaint, with leave of Court, to add the March 22, 2016 letter as an exhibit, however, Defendants would already be aware of this letter from their own records.

7

validity of the alleged debt, or request verification. Jackson cannot be permitted to obscure or bury Plaintiff's rights under § 1692g by purportedly offering Universal's expired validation notice in place of a direct validation notice of his own.

Drawing all reasonable inferences in a light most favorable to Plaintiff, Plaintiff has alleged sufficient facts to state a plausible claim under § 1692g, and therefore, Defendants' 12(b)(6) motion to dismiss must be denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss should be denied. If the complaint is found to be lacking, we respectfully request permission to amend the complaint.

Respectfully Submitted,

By: *s/Celetha Chatman*
    Celetha Chatman

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
celethachatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on October 12, 2016, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: October 12, 2016**                                                                 Respectfully submitted,


                                                                                By:   *s/Celetha Chatman*
                                                                                         Celetha Chatman